---

## EX PARTE SANFELIZ.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 104.—Resuelto en mayo 12, 1904.

DOMINIO—TÍTULO—PRESCRIPCIÓN.—Es requisito indispensable para la adquisición del dominio de los inmuebles por la prescripción ordinaria, expresar, y probar en todo caso, el título con que se posea, determinándolo especialmente, a fin de que el tribunal pueda apreciar si es o nó justo, a los efectos de la prescripción.

ID.—POSESIÓN PARA ADQUIRIR.—La posesión por seis años o más, es la que se requiere para adquirir por prescripción el dominio de los inmuebles.

### EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal del Distrito de San Juan a instancia del abogado Don Santiago B. Palmer, en representación de Don Manuel Sanfeliz, sobre declaratoria de dominio de una finca rústica, pendientes ante nos a virtud del recurso de apelación interpuesto por la representación del (*)

promovente contra la sentencia dictada por el referido tribunal del distrito, en 28 de julio último, la que copiada a la letra dice así:

"San Juan, Puerto Rico, 28 de julio de 1903.

"*Resultando*: que Don Manuel Sanfeliz presentó escrito diciendo es dueño de una finca rústica en el barrio de Palos Blancos, de Toa Alta, de setenta y tres cuerdas más o menos, lindante al Norte con una quebrada que desemboca al río del Corozal, tierras de la sucesión de Pedro González, Juan Ortiz Ortiz, Marcelino González y Juana Nieves, al Este Juana Ortiz y Juana Nieves, Abdón Fuentes, camino vecinal del barrio de Maná y Juan Ortiz Ortiz, y al Oeste el río del Corozal, cuya finca posee hace más de dos años por compra a Don Valentín González, quien la venía poseyendo pacíficamente hacía más de doce años como dueño, pagando las contribuciones como las ha pagado el promovente; que el valor es de $500, sin carga alguna y carece de título inscrito por lo que promueve la oportuna información para que se declare el dominio a su favor.

"*Resultando:* que admitida la información con citación fiscal, del anterior dueño de los colindantes, de los que tengan cualquier derecho a ella y de las personas ignoradas a quienes pueda perjudicar la inscripción, por medio de edictos, se cumplió lo ordenado, declarando tres testigos es cierto y les consta que el promovente es dueño de la finca rústica descrita; que la hubo por compra a Don Valentín González ha más de dos años, la que viene poseyendo pacíficamente en concepto de dueño; agregando dos de los testigos les consta también que el vendedor, al hacer la venta del inmueble descrito, la venía poseyendo quietamente por espacio de 12 años pagando las contribuciones; y celebrada la comparecencia, las partes alegaron lo que estimaron conveniente a sus derechos.

"*Considerando*: que aparte de no expresarse en el escrito de promoción si el promovente carece o nó de título escrito, y sí de título inscrito (lo que no es igual, pues puede carecerse de título inscrito de dominio por no haberse podido inscribir un título de dominio escrito defectuoso, del que en tal caso no carecía), no es suficiente la prueba practicada para demostrar que el Sr. Sanfeliz era dueño de la finca cuyo dominio trata de justificar, porque si bien sumando su posesion (*) de 2 años, con la de 12, del anterior poseedor, tiene a su favor una posesión de 14 años con buena fe presuntiva, no consta el título con que poseía dicho anterior poseedor, no pudiendo por tanto saberse

si era o nó un título justo, constando únicamente que el promovente, por título de compra, que es un título justo, ha poseído solamente 2 años, necesitándose 6 años por lo menos con justo título y buena fe para la prescripción adquisitiva del dominio, según la Orden Judicial de 4 de abril de 1899.

"*Considerando:* que no existe prueba ni aun alegación, de que el promovente haya adquirido por ninguno de los demás medios (aparte la prescripción) que establece la ley.

"*Vistos* los artículos de aplicación de la ley hipotecaria, Código Civil y orden judicial citada. No ha lugar a la declaratoria de dominio solicitada. Lo acordó y firma el tribunal: Certifico. Juan Morera Martínez, Frank H. Richmond, José Tous Soto, Luis Méndez Vaz."

*Resultando*: que contra esta sentencia interpuso apelación la representación del promovente Don Manuel Sanfeliz, la que le fué admitida libremente y en ambos efectos, y que elevados los autos a esta Superioridad, con citación y emplazamiento de las partes, y personada la apelante, se dió al recurso la tramitación correspondiente y se señaló día para la vista, cuyo acto se celebró con asistencia del abogado defensor apelante y del Fiscal de este Tribunal Supremo, que impugnó el recurso.

Abogado del apelante: *Sr. Palmer.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Resultando*: que antes de celebrarse la comparecencia para la que fueron citadas las partes, presentó escrito el abogado defensor del promovente manifestando que por un error involuntario había expresado en su primer escrito que su representado carecía de título "inscrito," en vez de decir que (*) cerecía de título de dominio "escrito," a lo que se acordó que se tuviera por hecha dicha manifestación y se agregara a sus antecedentes escrito de referencia.

504

*Considerando* : que, no obstante la rectificación hecha en el citado escrito por el abogado defensor del promovente, no procede dictarse a favor de éste la declaratoria de dominio que interesa, toda vez que los testigos presentados sólo declaran que viene poseyendo el terreno de que se trata hace más de dos años, pero sin precisar que lo poseyera por seis años o más, que es el tiempo de posesión que exigía la Orden Judicial de 4 de abril de 1899, que es la aplicable al caso; y si bien agregan que el anterior dueño del terreno lo poseyó por espacio de más de doce años, quieta y pacíficamente, y pagando las contribuciones correspondientes, tampoco expresan si poseía o nó con título, que es un requisito indispensable para la adquisición del dominio de los inmuebles por la prescripción ordinaria, y que debe probarse siempre, determinándolo especialmente, para que el tribunal pueda apreciar si es o nó un título justo, a los efectos de la prescripción, requisitos que no han sido cumplidos en el caso presente y por consiguiente, no procede estimarse bien probado el dominio que reclama la parte promovente.

*Vistos* los artículos 395 de la Ley Hipotecaria, los 1940, 1952, 1953 y 1954 del antiguo Código Civil y la Orden Judicial de 4 de abril de 1899.

*Fallamos* : que debemos confirmar y confirmamos la sentencia apelada, en cuanto por ella se declara no haber lugar a la declaratoria de dominio solicitada, con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary. (*)